IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-81554 |
| | ) | |
| LaDONNA ALMA NOVAK, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **MEMORANDUM**

Hearing was held in Omaha, Nebraska, on December 10, 2007, on Debtor's Chapter 13 Plan (Fil. #4), an Objection to Confirmation of Plan filed by the Chapter 13 Trustee (Fil. #15), and Debtor's Response to Trustee's Objection (Fil. #18). Charles B. Garman appeared for Debtor, and Tom Kenny appeared on behalf of the Chapter 13 Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L).

Debtor is spending approximately $456.00 per month to repay a 401(k) loan from her retirement plan maintained by her employer. It will take approximately three years to pay the remaining balance on that loan. Debtor has proposed a five-year plan. Therefore, the sole question presented to this Court is whether Debtor should be entitled to a means test deduction in the full amount of her 401(k) loan payment or whether that payment amount should be prorated over the 60-month term of the plan. As discussed below, I agree with the Chapter 13 Trustee's position that the payment amount should be prorated for purposes of determining projected disposable income.

## **Background**

The relevant facts are not in dispute:

1. Debtor is an "above-median" debtor for purposes of § 1325 and her "applicable commitment period" is five years.

2. Debtor has claimed a deduction of $456.63 on line 31 of her means test form as a mandatory payroll deduction, which amount represents repayment of a 401(k) loan that Debtor obtained from the 401(k) plan maintained by her employer.[1]

3. Pursuant to the means test form, Debtor's monthly disposable income for purposes of 11 U.S.C § 1325(b)(2) is $279.02 per month.

4. Although no evidence was presented, Debtor's attorney acknowledged at the hearing that the 401(k) loan will be repaid in full in approximately three years.

---

[1] The Chapter 13 Trustee correctly points out the deduction should actually be listed on line 55 of the means test form rather than line 31.

### Discussion

Debtor takes the position that she is entitled to deduct for means test purposes her entire monthly 401(k) loan obligation. In support, Debtor relies upon 11 U.S.C § 1322(f), which provides as follows: "A plan may not materially alter the terms of a loan described in section 362(b)(19) and any amounts required to repay such loan shall not constitute 'disposable income' under section 1325." Section 362(b)(19) refers to loans from qualified retirement plans. Therefore, § 1322(f) does two things. First, it prohibits modification of retirement plan loans. Second, it removes "any amounts required to repay such loan" from the calculation of disposable income under § 1325.

It appears that line 55 of Official Form 22C (the means test form) was designed to incorporate the deduction for retirement plan contributions, as well as repayments of loans from retirement plans. The directions for line 55 instruct the preparer to "[e]nter the monthly average of . . . all repayments of loans from retirement plans, as specified in § 362(b)(19)."

The Chapter 13 Trustee takes the position that after the 401(k) loan is paid in full in approximately three years, Debtor will have an additional $456.00 per month (or almost $11,000.00 over the final two years of the plan) additional disposable income to pay to unsecured creditors under the plan. Thus, the Chapter 13 Trustee believes that for purposes of the means test the loan payments should be prorated over the 60-month term of the plan in order to accurately calculate Debtor's projected disposable income.

Debtor relies upon the case of *In re Lasowski*, 375 B.R. 526 (Bankr. E.D. Ark. 2007), where, under similar circumstances, an Arkansas bankruptcy court allowed the deduction of the full payment amount, stating:

> The Court is bound to follow the dictates of Congress, as expressed in the code. In calculating disposable income, the code does not provide for the proration of 401(k) loan repayments when such loans will be paid off prior to the completion of a debtor's plan. Accordingly, the trustee's Objection is overruled and the debtor's plan is confirmed.

The *Lasowski* court relied upon similar holdings in the cases of *In re Haley*, 354 B.R. 340, 344 (Bankr. D.N.H. 2006) and *In re Wiggs*, ___ B.R. ___, 2006 WL 2246432 (Bankr. N.D. Ill. Aug. 4, 2006). The *Lasowski* court distinguished a contrary decision in the case of *In re Nowlin*, 366 B.R. 670 (Bankr. S.D. Tex. 2007). The *Nowlin* court relied upon an interpretation of the term "projected disposable income" as used in § 1325(b) as a basis for including as income any amounts currently being used to repay a 401(k) loan after that loan is satisfied in full. The *Nowlin* court determined that the phrase "projected" as it modifies "disposable income" must be given greater meaning than merely instructing the debtor to multiply her disposable income by her applicable commitment period.

As the attorneys in this case are aware, this Court disagrees with the interpretation of "projected disposable income" espoused by the *Nowlin* court. *See In re James*, Case No.

-2-

BK07-81326 (Bankr. D. Neb. Nov. 30, 2007); *In re Mitchell*, 368 B.R. 845 (Bankr. D. Neb. 2007); *see also Coop v. Frederickson (In re Frederickson)*, 375 B.R. 829 (B.A.P. 8th Cir. 2007) (holding that "'[p]rojected disposable income' is the disposable income calculated on Form 22C extrapolated over the applicable commitment period. It is the amount to be paid on unsecured claims. The statute requires no more."). However, despite not agreeing with *Nowlin's* projected disposable income analysis, I do agree with the end result reached in *Nowlin* and disagree with *Lasowski*.

Specifically, this is not the type of deduction from income that is governed by the mechanical calculations of §§ 1325(b)(3) and 707(b)(2). Instead § 1322(f) stands on its own and is quite clear. Only the "amounts required to repay" 401(k) loans are excluded from disposable income. If Debtor is allowed to deduct the full 401(k) loan payment for the entire 60-month applicable commitment period despite the fact that the 401(k) loan will be repaid in only 36 months, Debtor will be deducting much more than the amount required to repay such loan. Under Debtor's position, she should be entitled to deduct the entire 401(k) loan payment when calculating disposable income even if there were only one payment left before that 401(k) loan was paid in full. Clearly, that is an inequitable result. More importantly, it would allow a deduction of more than what is required to repay the loan as directed by § 1322(f). Prorating the loan payment amount over the applicable commitment period is the only way to ensure that the amount required to repay the loan (and *only* the amount required to repay the loan) will be excluded from the disposable income calculation.

Further, prorating or averaging the 401(k) loan payment over the 60-month term of the plan is not impermissibly modifying the terms of the loan as prohibited by § 1322(f). The means test calculation is simply that – a calculation. Its purpose is to determine the amount of the debtor's projected disposable income that must be returned to unsecured creditors over the life of the plan. It does not, by itself, establish the debtor's plan payment nor the order in which claims will be paid. The attorney for the Chapter 13 Trustee indicated at the hearing that the Trustee has no objection to the 401(k) loan continuing to be paid according to its terms by payroll deduction, provided the plan payment is "stepped up" once the loan is paid in full. Such a plan will not modify the loan and will ensure the proper return to unsecured creditors.

For the foregoing reasons, I find that the Chapter 13 Trustee's objection to confirmation (Fil. #15) should be sustained.

Separate order to be entered.

DATED: December 12, 2007.

BY THE COURT:

/s Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Charles B. Garman/Francis X. Skrupa
    Tom Kenny/Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.